UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL BAXTER                                                    CIVIL ACTION

VERSUS                                                            NO. 21-555-BAJ-SDJ

STATE OF LOUISIANA, ET AL

---

**ORDER**

Before the Court is a Motion to Stay Discovery and Continue Scheduling Conference[1] by Defendants Judge Adam Haney and the State of Louisiana (collectively, "State Defendants") filed on March 9, 2022 (R. Doc. 19). In their Motion to Stay, State Defendants seek a stay of discovery in this case pending resolution of their Motion to Dismiss (R. Doc. 18). Plaintiff opposes this Motion to Stay, filing an Opposition thereto on April 14, 2022 (R. Doc. 31). As set forth below, State Defendants' Motion to Stay Discovery is **GRANTED**, and discovery as to State Defendants will be stayed pending resolution of State Defendants' Motion to Dismiss.

Also before the Court is a Motion to Stay Discovery by Defendant Catholic Charities of the Diocese of Baton Rouge ("Catholic Charities") filed on April 21, 2022 (R. Doc. 37). In their Motion to Stay, Catholic Charities seeks a stay of discovery in this case pending resolution of their Motion to Dismiss (R. Doc. 25). No opposition to this motion has yet been filed.[2] As set forth

---

[1] The scheduling conference in question, originally scheduled for April 21, 2022, was canceled on April 19, 2022, in light of representations made in the Status Report and this pending Motion to Stay Discovery. (R. Doc. 33).

[2] The deadline for response is May 16, 2022. No opposition has been filed, but opposition is not yet precluded.

below, the Motion to Stay Discovery as to Catholic Charities is **DENIED**, and discovery deadlines as to non-state defendants will be set pursuant to a separate scheduling order.

I.   Discussion

Under Federal Rule of Civil Procedure 26(c), a "court may stay discovery for 'good cause.'"[3] Under this requirement, the burden is on the movant to show the "necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[4] "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[5]

A.   State Defendants

This Court, relying on Fifth Circuit precedent, routinely stays discovery pending resolution of motions to dismiss raising threshold issues such as qualified immunity.[6] Absolute immunity is not merely a defense, but protection from suit and the costly burdens of litigation.[7] Thus, "the [Supreme] Court has described immunity as a threshold question to be resolved as early in the proceedings as possible."[8] Indeed, in this circuit, "plaintiffs may not seek discovery from defendants who invoke qualified immunity unless the court determines that the plaintiffs have

---

[3] *Fujita v. U.S.*, 416 Fed. Appx. 400, 402 (5th Cir. 2011).
[4] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).
[5] *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).
[6] *See, e.g.*, *Skinner v. Gautreaux*, No. 20-595, 2020 WL 8672070 (M.D. La. Nov. 30, 2020) (staying case pending resolution of motion to dismiss raising the defense of qualified immunity); *Skinner v. Ard*, No. 19-66, 2020 WL 2245179 (M.D. La. May 7, 2020) (same); *Wearry v. Perrilloux*, No. 18-594, 2019 WL 4739292 (M.D. La. Sept. 27, 2019) (same).
[7] *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam); *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985).
[8] *Mitchell*, 472 U.S. at 526 (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S. Ct. 1789, 1793 (1991)).

stated a claim sufficient to overcome qualified immunity."[9] Here, State Defendants have made claims of sovereign and judicial immunity in their Motion to Dismiss. (R. Doc. 18). Until these immunity claims are resolved, Plaintiff may not seek discovery against State Defendants.

## B.    Catholic Charities

In its Motion to Stay, defendant Catholic Charities asks that discovery be stayed pending its Motion to Dismiss (R. Doc. 25). They claim a stay is appropriate because of the pending Motion to Dismiss, because the suit centers around sensitive information, and because if discovery proceeds, they will be seeking a protective order regarding this sensitive information. (R. Doc. 37-1). As stated above, a party must show with specificity good cause to support issuance of a stay of discovery. The existence of a potentially dispositive motion to dismiss is not on its own enough to trigger a stay of discovery when, unlike the State Defendants, Catholic Charities is a private party that does not enjoy immunity from suit. Furthermore, a stay of discovery as to State Defendants "does not *ipso facto* disable a plaintiff from conducting all discovery against all non-immune defendants in his case."[10]

Catholic Charities claims that the information sought is of a sensitive nature that should not be subject to disclosure if their Motion to Dismiss is granted, but they do not expand on the burden such disclosures would actually impose. They claim the burden of inevitably negotiating the terms of a protective order regarding sensitive information weighs in favor of staying discovery. Such a negotiation being part of the usual course of litigation, the Court does not find

---

[9] *Mayfield v. Butler Snow LLP*, 2017 WL 5616017 at *1 (S.D. Miss. Nov. 21, 2017), citing *Rynearson v. U.S.*, 601 Fed. Appx. 302, 306 (5th Cir. 2015).
[10] *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555-56 (5th Cir. 1987).

this a sufficient burden to warrant a stay of discovery. Catholic Charities is free to pursue such remedies in the course of discovery.[11]

## II. Conclusion

For the reasons set forth above, the Motion to Stay Discovery by Judge Adam Haney and the State of Louisiana (R. Doc. 19) is **GRANTED**; the Motion to Stay Discovery by Catholic Charities (R. Doc. 37) is **DENIED**. Discovery in this matter is **STAYED** as to Judge Haney and the State of Louisiana, pending resolution of their Motion to Dismiss (R. Doc. 18).[12] A separate scheduling order will issue as to the remaining defendants.

Signed in Baton Rouge, Louisiana, on May 12, 2022.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] As Catholic Charities has noted they will indeed seek such a protective order if discovery proceeds, the Court notes that per FRCP 26(c)(1) and 37(a)(1), a motion for protective order must contain certification that the parties have conferred in good faith to resolve the dispute. This certification should contain specific information about negotiations or attempts to do so, not mere statements of certification.

[12] Should their Motion to Dismiss be denied, State Defendants should contact the Court within 3 days of notice of denial to set a new scheduling conference.