UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL BAXTER                                               CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                      NO. 21-00555-BAJ-SDJ

RULING AND ORDER

This dispute arises from Plaintiff's failed attempts to prevent the adoption of his biological daughter in 2016. Five years after the fact, Plaintiff filed this lawsuit, alleging that "the wrongful loss of his parental rights" plunged him into a tailspin that ultimately resulted in multiple embarrassing episodes, including two arrests, months-long detention, a stipulated violation of probation, and even disenfranchisement. Plaintiff alleges multiple constitutional violations (state and federal), and intentional infliction of emotional distress against four Defendants: the State of Louisiana; the Hon. Adam Haney of the East Baton Rouge Parish Juvenile Court; Our Lady Of The Lake Regional Medical Center ("OLOLRMC"); and Catholic Charities Of The Diocese Of Baton Rouge ("Catholic Charities").

Now, Defendants each move to dismiss Plaintiff's claims, with prejudice, asserting a variety of defenses. (*See* Docs. 14, 18, 25). Plaintiff opposes Defendants' Motions. (Docs. 27, 28, 34). For the reasons stated herein, Defendants' Motions will each be **GRANTED IN PART**, and Plaintiff's federal claims will be **DISMISSED WITH PREJUDICE**. Further, the Court will decline jurisdiction over Plaintiff's pendant state law claims, dismissing them without prejudice to Plaintiff's right to pursue them in state court.

## I. BACKGROUND

### A. ALLEGATIONS

The following allegations are accepted as true for present purposes, and are dispositive of Plaintiff's federal claims:

On February 29, 2016, Plaintiff's biological daughter—"Baby J"—was born at Defendant OLOLRMC. (Doc. 10, ¶ 4). Two weeks earlier, Baby J's biological mother voluntarily executed and filed a notice of intent to surrender Baby J for adoption, consistent with the requirements of the Louisiana Children's Code, La. Child. Code art. 1107.1, *et seq.* (the "Notice of Intent"). (*Id.* ¶ 9). The Notice of Intent acknowledged Plaintiff as Baby J's biological father, but Plaintiff was not immediately informed of the Notice of Intent. (*Id.*). Consistent with the Notice of Intent, Baby J's biological mother released Baby J to Defendant Catholic Charities a few days after she was born. (*Id.* ¶ 6).

Plaintiff was not married to Baby J's biological mother, and did not know that she was pregnant with his biological child until he was lured "under false pretenses" to a meeting with Catholic Charities, on an unspecified date prior to Baby J's birth. (*Id.* ¶¶ 7–8). Upon learning of his paternity, Plaintiff immediately and "unequivocally informed [Catholic Charities] that he was not giving his consent and that he was not interested in surrendering his child to be adopted." (*Id.* ¶ 8). Yet, despite having voiced his objections, Plaintiff was not allowed at Baby J's birth, and his repeated attempts to obtain information regarding Baby J from OLOLRMC and Catholic Charities were rebuffed. (*Id.* ¶¶ 5, 8).

2

On March 16, 2016—two weeks after Baby J's birth—Plaintiff was served the Notice of Intent. (*Id.* ¶ 10). Plaintiff timely objected to Baby J's adoption, appearing "in proper person" on April 22, 2016, for an opposition hearing at East Baton Rouge Parish Juvenile Court, before Defendant Judge Adam Haney, pursuant to the requirements set forth at Louisiana Children's Code art. 1138. (*Id.* ¶ 11). Judge Haney continued the April 22 hearing for 30 days to allow Plaintiff an opportunity "to obtain counsel and seek DNA test [sic] to establish paternity of Baby J." (*Id.* ¶ 12).

On May 20, 2016, Plaintiff returned to court for the continued opposition hearing. (*Id.* ¶ 13). He informed Judge Haney that he had obtained a DNA test confirming his paternity of Baby J, but was unable to find an attorney that he could afford, and requested additional time to seek counsel. (*Id.*). Judge Haney denied Plaintiff's request for a second continuance, and thereafter conducted the hearing, finding that Plaintiff had failed to establish his paternity and, further, failed to establish that "he was a fit parent." (*Id.* ¶ 14). *See* La. Child. Code art. 1138. Based (in part) on these findings, Judge Haney granted the adoption of Baby J. (*Id.*).

After the May 20 hearing, Plaintiff "was extremely distraught," "felt helpless," and plunged into a negative cycle, repeatedly posting his "discontent with the judicial process" to social media, repeatedly contacting Catholic Charities "to inquire on the well-being of Baby J and to give gifts he had purchased for Baby J," and repeatedly attracting the attention of law enforcement as a result. (*Id.* ¶¶ 16–20). Plaintiff was arrested at least twice, and although he does not state when he was arrested or the underlying charge(s), these arrests violated the terms of his probation (for an

3

additional prior unspecified offense), and, after he stipulated to the violation, caused his term of probation to be extended to September 2020. (*Id.* ¶ 20). Plaintiff's extended probation prompted additional "public embarrassment," and also prevented him from voting in the 2019 election. (*Id.* ¶¶ 21–22).

### B. PROCEDURAL HISTORY

On September 26, 2021, Plaintiff initiated this action, alleging unspecified violations of his constitutional rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, unspecified violations of due process and free speech under the Louisiana Constitution, and intentional infliction of emotional distress, against *all* Defendants—the State of Louisiana, Judge Haney, OLOLRMC, and Catholic Charities. (Doc. 1). On February 10, 2022, Plaintiff Amended his complaint, adding unspecified allegations that "Defendants acted in concert" and "that he was subjected to a continued tort violation of his constitutional rights beginning in early 2016 until the present," and an additional claim for violation of his constitutional rights under the Fifteenth Amendment. (Doc. 10, ¶¶ 26, 30). Plaintiff's Amended Complaint also appears to assert a facial challenge to Louisiana Children's Code art. 1138—which sets forth the procedural and substantive requirements that a biological father must meet to successfully challenge an adoption—stating that Article 1138 "is unconstitutional as it violates Plaintiff's 14th Amendment rights of Equal Protection and Fundamental Rights."[1] (*Id.* ¶ 27).

---

[1] The Court will dismiss Plaintiff's purported claims alleging the unconstitutionality of Louisiana Children's Code art. 1138 at the outset. Failure to adequately brief or substantively oppose dismissal of claims may be grounds for the Court to determine Plaintiff

4

On March 2, March 8, and March 29, 2022, Defendants submitted the instant motions to dismiss. (Docs. 14, 18, 25). Plaintiff opposes Defendants' Motions (Docs. 27, 28, 34). Defendants filed reply memoranda in support of their Motions (Docs. 32, 36, 38).

Relevant here, Defendants argue that Plaintiff's federal constitutional claims under 42 U.S.C. § 1983 against OLOLRMC and Catholic Charities must be dismissed because they are not state actors. (Docs. 14-1, pp. 8–10; 25-1, p. 10). Further,

---

has waived the claims. *See Gray v. City of Denham Springs*, 19-cv-889, 2021 WL 1187076, at *5 (M.D. La. Mar. 29, 2021) (Jackson, J.); *JMCB, LLC v. Bd. Of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (finding that claims could be deemed waived for failure to timely oppose) (deGravelles, J.); *Jordan v. Gautreaux*, 21-cv-48, 2022 WL 897549, at *15 n.2 (M.D. La. Mar. 25, 2022) (deeming claims waived for failure to substantively oppose dismissal of the claims) (deGravelles, J.). *See also United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation . . . is a failure to brief and constitutes waiver."); *JTB Tools & Oilfield Servs., LLC v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "[t]o avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases.'"); *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (noting that it is "not enough to merely mention or allude to a legal theory."); *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) ("Generally speaking, a defendant waives an issue if he fails to adequately brief it."). Moreover, this Court's Local Rules require that parties support their arguments with "a concise statement of reasons . . . and citations of authorities." M.D. La. LR 7(d).

Arguably, Plaintiff has failed to properly plead his facial claim of the statute's unconstitutionality by haphazardly including the claim in a prefatory paragraph. (Doc. 10, ¶ 27). Here, Plaintiff fails to provide any argument or authorities whatsoever to support the unconstitutionality of Louisiana Children's Code art. 1138. After conclusively alleging the unconstitutionality of the statute in his Amended Complaint with no additional facts or argument, (Doc. 10, ¶ 27), Plaintiff also did not assert sufficient argument in his oppositions to Defendants' motions to dismiss other than to restate exactly what he put in the Amended Complaint or to argue for the inapplicability of the *Rooker-Feldman* Doctrine related to other claims, which the Court need not even consider to dismiss his claims. (*See* Docs. 27, pp. 11–12; 34, pp. 4–7). "[T]he Court will not speculate on arguments that have not been advanced," or attempt to develop arguments on Plaintiff's behalf. *See Evans v. Mgmt. & Training Corp.*, No. 15-cv-770, 2017 WL 78803, at *3 (S.D. Miss. Jan. 6, 2017) (Jordan, J.). Pursuant to the Court's Local Rules, and consistent with the general rule that a party's failure to adequately brief an issue acts as a waiver, the Court determines that Plaintiff has waived a claim of unconstitutionality of Louisiana Children's Code art. 1138.

5

Defendants argue that Plaintiff's claims against the State of Louisiana and Judge Haney must be dismissed because they are barred by the Eleventh Amendment. (Doc. 18-1, pp. 7–8, 10–12).

For reasons set forth below, Defendants' Motions will be granted in part, and Plaintiff's federal constitutional claims will be dismissed with prejudice.

## II. ANALYSIS

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court

6

"accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### B. Discussion

#### i. Federal Constitutional Claims Against OLOLRMC and Catholic Charities

Merely private conduct, however discriminatory or wrongful, may not be challenged under the United States Constitution. *See Terry v. Adams*, 345 U.S. 461 (1953). Federal courts have repeatedly held that these Amendments restrict only actions of the federal government and the states—not private parties. *See Public Utilities Commission of District of Columbia v. Pollak*, 343 U.S. 451, 461–62 (1952) ("[The First and Fifth Amendments] concededly apply to and restrict only the Federal Government and not private persons."); *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) ("[T]he action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful."); *Terry*, 345 U.S. at 472 ("The [Fifteenth Amendment's] command against such denial or abridgment is directed to the United States and to the individual States. Therefore, violation of this Amendment and the enactments passed in enforcement of it must involve the United States or a State.").

Plaintiff alleges that all Defendants (including OLOLRMC and Catholic Charities) acted in concert to deprive him of rights. (Doc. 10, ¶ 26). Plaintiff argues, citing to *Bray v. Alexandria Women's Health Clinic*, that constitutional violations can

7

be attributed to a private sector if there is a discriminatory animus present. 506 U.S. 263 (1993); (Doc. 28, p. 7). However, *Bray* dealt with a claim under § 1985, which Plaintiff has not asserted here. The Court finds that the applicable standard to prove a conspiracy, such that constitutional violations may be attributed to a private actor, is that Plaintiff must allege an agreement between the private and public defendants to commit an illegal act and a deprivation of constitutional rights. *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004). "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Id.*

Plaintiff has provided no specific facts to prove his conclusory claim that Defendants acted in concert with one another to deprive him of any rights. Therefore, the Court cannot find that the Defendants acted in concert with one another or conspired to deprive Plaintiff of rights. Because the Court determines that OLOLRMC and Catholic Charities are private actors and not state actors, and that Plaintiff has failed to plausibly allege the existence of a conspiracy, Plaintiff's constitutional claims against OLOLRMC and Catholic Charities are dismissed.

### ii. Federal Constitutional Claims Against the State of Louisiana and Judge Adam Haney

Plaintiff also sues the State of Louisiana and Judge Haney, in his official capacity as a judicial officer of the state.[2]

---

[2] More accurately, Plaintiff sues Judge Haney "in his capacity as judge." (Doc. 10, ¶ 4). The Court interprets this to mean that Plaintiff sues Judge Haney in his official capacity only. Consistent with this interpretation, Plaintiff's opposition to Judge Haney's motion to dismiss makes no mention or argument regarding any individual capacity claim against Judge Haney. (*See* Doc. 27).

Generally, the states are immune from lawsuits seeking monetary damages brought in federal courts, including claims under state law. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Richardson v. Southern Univ.*, 118 F.3d 450, 453 (5th Cir.). Further, Louisiana has yet to waive its Eleventh Amendment immunity for actions brought in federal court. *See Holliday v. Bd. Of Supervisors of LSU Agric. & Mech. College*, 149 So. 3d 227, 229 (La. 2014). Therefore, the State of Louisiana is immune to Plaintiff's claims via its Eleventh Amendment immunity and Plaintiff's federal claims against the State of Louisiana must be dismissed.

Plaintiff's claims against Judge Haney must also be dismissed. "First, he is a state official, and a state official in his official capacity is not considered a 'person' amenable to suit under § 1983." *Summers v. Louisiana*, No. 13-cv-4573, 2013 WL 3818560, at *4 (E.D. La. July 22, 2013) (Africk, J.) (citing authorities). "Second, because an official-capacity claim against him would in reality be a claim against the state itself, and any such claims would be barred by the Eleventh Amendment." *Id.* (citing authorities).

### C. Amendment Under Rule 15

When a complaint fails to state a claim, the Court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable"); *see also*

9

*Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) ("Rule 15(a) requires a trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend." (internal quotations omitted)).

Here, Plaintiff has already amended his complaint once. (*See* Docs. 1, 10). In his opposition memoranda, Plaintiff requests the opportunity to amend again. (Doc. 34, p. 11). For reasons set forth above, however, any further amendment would be futile. Simply put, nothing will change the fact that OLOLRMC and Catholic Charities are not state actors, or that the State of Louisiana and Judge Haney are shielded by the Eleventh Amendment.

### D. Supplemental Jurisdiction of State Law Claims

The Court has dismissed all of Plaintiff's federal claims. Accordingly, there is no basis to exercise federal question jurisdiction, and the Court must decide whether to maintain jurisdiction over Plaintiff's pendant state law claims. In making this determination, the Court "look[s] to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011). "When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

Here, all factors favor dismissing Plaintiff's state law claims. These remaining claims raise novel issues of Louisiana law and obviously predominate over the nonexistent federal claims. *See Enochs*, 641 F.3d at 159. Moreover, judicial economy, convenience, fairness, and comity are each served by allowing Louisiana's courts to

address Plaintiff's state law claims, which primarily stem from his disagreement with the ultimate outcome of state juvenile court proceedings.

Accordingly, the Court will follow the "general rule" and also dismiss all of Plaintiffs' state law claims. *Bass*, 180 F.3d at 246.

### III. CONCLUSION

Accordingly, for reasons set forth herein,

**IT IS ORDERED THAT** the **Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. 14)** filed by Defendant OLOLRMC be and is hereby **GRANTED IN PART**, and that Plaintiff's federal claims against OLOLRMC be and are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED THAT** the **Motion To Dismiss Pursuant To Rules 12(b)(1) and 12(b)(6) (Doc. 18)** filed by Defendants the State of Louisiana and Judge Haney be and is hereby **GRANTED IN PART**, and that Plaintiff's federal claims against the State and Judge Haney be and are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED THAT** the **Motion To Dismiss Pursuant To Rules 12(b)(1) And 12(b)(6) (Doc. 25)** filed by Defendant Catholic Charities be and is hereby **GRANTED IN PART**, and that Plaintiff's federal claims against Catholic Charities be and are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court declines to exercise jurisdiction over Plaintiff's state law claims, and that Plaintiff's state law claims against all Defendants be and are hereby **DISMISSED WITHOUT PREJUDICE.**

Judgment will be entered separately.

Baton Rouge, Louisiana, this 17th day of November, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**